IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEXTER SIMMONS,** #23430-076, | ) ) ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 14-cv-01123-MJR ) |
| **WARDEN CROSS, D. BUTTS, K. SCHNEIDER, SILANATH TERPENNING, SCHMICHT, MICHELLE TOWNSEND-WATTS,** and **BETTY ULMER,** | ) ) ) ) ) ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

      Plaintiff Dexter Simmons is currently incarcerated at the Federal Correctional Institution in Tucson, Arizona. On October 20, 2014, he filed this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), in the Southern District of Illinois (Doc. 1). In the complaint, Plaintiff alleges that several officials violated his Eighth Amendment rights in 2014, during his incarceration at the Federal Correctional Institution in Greenville, Illinois. The complaint currently awaits preliminary review under 28 U.S.C. § 1915A.

      At the time he filed this lawsuit, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* (Doc. 2), which is still pending. He has since filed a second motion for leave to proceed *in forma pauperis* (Doc. 4), which is also pending.

      On October 29, 2014, Plaintiff filed a motion seeking voluntary dismissal of this action (Doc. 5). In the motion, he explained that this lawsuit was mistakenly filed as a *Bivens* action, when Plaintiff intended to file a complaint at a later date under the Federal Tort Claims

Act, 28 U.S.C. §§ 1346, 2671-2680.  He has not yet exhausted his administrative remedies for those claims and now asks the Court to dismiss this action without imposing a filing fee (Doc. 5, p. 2).  Alternatively, Plaintiff asks the Court to hold this case open, so that he can file an amended complaint in approximately six months without incurring another filing fee.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, and a filing fee of $350.00[1] remains due and payable whether or not this action is voluntarily dismissed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  However, in light of Plaintiff's timely request to voluntarily dismiss this action before the Court conducted its preliminary review of the complaint under 28 U.S.C. § 1915A, the Court will not assess an additional filing fee for the separate action Plaintiff anticipates filing pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, in the Southern District of Illinois.  In order to bring this action without incurring another filing fee, however, Plaintiff will be required to file a copy of this Order with his complaint.

**IT IS HEREBY ORDERED** that Plaintiff's two motions for leave to proceed *in forma pauperis* (Docs. 2, 4) are **GRANTED**.  The Court will enter a separate Order addressing the amount of the initial partial filing fee.

**IT IS FURTHER ORDERED** that Plaintiff's motion for voluntary dismissal (Doc. 5) is **GRANTED**, and this action is **DISMISSED without prejudice**.  See Fed. R. Civ. P. 41(a)(1)(A)(i).

**IT IS ORDERED** that Plaintiff's motion seeking waiver of the filing fee in this action is **DENIED**.  However, it is also **ORDERED** that the filing fee for Plaintiff's next action filed in the Southern District of Illinois pursuant to the Federal Tort Claims Act, 28 U.S.C.

---

[1] If a prisoner is not allowed to proceed *in forma pauperis*, an additional administrative fee of $50.00 is assessed at the time of filing, resulting in a total filing and docketing fee of $400.00.

§§ 1346, 2671-2680, shall be **WAIVED**, on condition that Plaintiff files a copy of this Order along with the complaint.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 29, 2014**

**s/ MICHAEL J. REAGAN**
**Chief District Judge**